UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NALCO CO.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHEM-AQUA, INC.,<br><br>　　　　Defendant. | Case No. 14-mc-80183 RS (NC)<br><br>**ORDER GRANTING IN PART NALCO'S MOTION TO COMPEL; GRANTING IN PART CHEM-AQUA'S MOTION TO QUASH**<br><br>Re: Dkt. Nos. 1, 16 |

Nalco moves to compel the production of documents subpoenaed from non-party Chem-Aqua. In response, Chem-Aqua asks the court to quash Nalco's document and deposition subpoenas. Finding the documents Nalco requests to be relevant and the burden of production to be low, the Court grants in part Nalco's motion to compel. Finding the scope of the proposed deposition topics to be overly broad, the Court quashes in part the deposition subpoena.

**BACKGROUND**

Plaintiff Nalco sued defendant Turner alleging that Turner infringes Nalco's U.S. Patent No. 6,255,118 ("the '118 patent"), which claims methods of water treatment using a fluorometer. Dkt. No. 2 at 4; *see Nalco Co. v. Turner Design, Inc.*, No. 13-cv-02727 (N.D. Cal. 2013). Third party Chem-Aqua resells a Turner product called the Little Dipper, which

Case No. 14-mc-80183 RS (NC)
ORDER GRANTING IN PART
MOTIONS TO COMPEL, QUASH

Nalco claims is used in the accused process. Dkt. No. 17 at 4.

On November 21, 2013, Nalco served Chem-Aqua with a document subpoena seeking 15 categories of documents. Dkt. No. 3-1 at 82-84. On April 24, 2014, Nalco served Chem-Aqua with a deposition subpoena that included 25 topics for testimony. Dkt. No. 3-1 at 54-56. After Chem-Aqua produced several categories of documents and the parties met and conferred at great length, Nalco eventually narrowed its document request to seek only a list of Chem-Aqua's customers who use a Chem-Aqua product with the Little Dipper. Dkt. No. 17 at 5. Nalco also limited its deposition subpoena to four topics of testimony. *Id.* at 6. Chem-Aqua objects to the remaining document request on the grounds that it seeks highly confidential information, particularly given that Nalco and Chem-Aqua are direct competitors. Dkt. No. 26. Chem-Aqua objects to the deposition subpoena based on a lack of relevance and undue burden. *Id.*

The Court held oral argument on July 9, 2014. Dkt. No. 29.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to testify at a deposition and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 26 allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information is relevant when it will be admissible at trial or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Rule 26 relevancy standard also applies to third-party subpoenas. *Beinin v. Ctr. for Study of Popular Culture*, No. 06-cv-02298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007).

To determine whether a subpoena should be enforced, the Court is guided by both Rule 45, which protects a subpoenaed party from "undue burden," and Rule 26, which provides that the court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if

1  "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
2  Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i).  A party or lawyer responsible for issuing
3  and serving a subpoena therefore must take reasonable steps to avoid imposing undue
4  burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1).  In turn,
5  the court "must protect a person who is neither a party nor a party's officer from significant
6  expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

## DISCUSSION

8  First, Nalco requests a list of Chem-Aqua's customers that use a Chem-Aqua product
9  with the Little Dipper.  Nalco argues that the list is relevant to its indirect infringement
10 claims against Turner, because it identifies the direct infringers of the patent.  Nalco also
11 argues that the list is relevant to its damages calculation.  The Court finds the latter
12 argument more persuasive, and finds that the customer list is discoverable information,
13 especially in light of the low burden on Chem-Aqua in producing the list.  However, the
14 Court takes seriously Chem-Aqua's concerns that the customer list contains highly sensitive
15 information and that Nalco is a direct competitor.  Therefore, the Court orders the customer
16 list to be designated attorneys' eyes only pursuant to the protective order that Chem-Aqua
17 and Nalco have agreed upon.  The Court also orders that any subpoenas that would identify
18 Chem-Aqua's customers must be for attorneys' eyes only as well.  Additionally, Nalco and
19 Turner may move to file under seal any filings in the underlying litigation that would name
20 a Chem-Aqua customer.

21 As for the deposition, Nalco states that it proposed to Chem-Aqua that if Chem-Aqua
22 would stipulate to "certain foundational facts based on documents produced, and [] stipulate
23 to the authenticity of documents," then Nalco would withdraw its deposition subpoena.
24 Dkt. No. 28 at 2.  Finding this compromise to be reasonable, the Court orders that Chem-
25 Aqua either meet and confer with Nalco in order to reach these stipulations, or provide a
26 30(b)(6) witness for a deposition not to exceed two hours, at a location convenient to the
27 witness, to testify as to foundational facts and authenticity of documents produced by
28 Chem-Aqua.  No other deposition topics will be permitted because the Court finds that a

Case No. 14-mc-80183 RS (NC)
ORDER GRANTING IN PART
MOTIONS TO COMPEL, QUASH

3

broader deposition would be unduly burdensome on Chem-Aqua. Nalco and Chem-Aqua must meet and confer within seven days of this order to finalize these arrangements.

## CONCLUSION

For the reasons described, the Court grants in part Nalco's motion to compel non-party Chem-Aqua's production of documents, and grants in part Chem-Aqua's motion to quash the deposition subpoena.

Any party may object to this order to Judge Seeborg within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: July 10, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge